| | |
|---|---|
| 2018-3 IH BORROWER, LP., | No. 2:19-cv-01473-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| ANTONIO CERVANTES | |
| Defendant. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

On August 1, 2019, defendant Antonio Cervantes, proceeding pro se, removed this unlawful detainer action from Sacramento County Superior Court to this court. ECF No. 1. Cervantes also filed a motion to proceed in forma pauperis. ECF No. 3. As explained below, this matter is REMANDED to Sacramento Superior Court and the motion to proceed in forma pauperis is DENIED as moot.

I. SUBJECT MATTER JURISDICTION

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). Primarily, there are two bases for federal subject matter jurisdiction: (1) question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

1

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). In other words, it is the plaintiff's assertions, not the defendant's, that form the ground upon which federal question jurisdiction stands. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (some alterations in original) (citations and internal quotations omitted) ("[S]ince the plaintiff is the master of the complaint, the well-pleaded-complaint rule enables him, by eschewing claims based on federal law, . . . to have the cause heard in state court.").

Alternatively, diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the parties are in complete diversity. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

II. <u>DISCUSSION</u>

Cervantes's Notice of Removal asserts this court has jurisdiction under 28 U.S.C. § 1331 because his "[d]emurrer, . . . depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law." Plaintiff's complaint, however, provides no basis for federal question jurisdiction because it invokes no federal law creating a cause of action, nor does it

assert a right to relief requiring resolution of a question of federal law. *See K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011). The complaint brings an unlawful detainer action seeking damages from past-due rent and seeks reasonable attorney's fees and forfeiture of the rental agreement. *See* ECF No. 1 at 5–8. An unlawful detainer action does not create federal question jurisdiction. *Petaluma Theatre Square, LLC v. Hirsch*, No. 19-CV-00026-LB, 2019 WL 1171162, at *1 (N.D. Cal. Feb. 25, 2019), *report and recommendation adopted*, No. 19-CV-00026-JST, 2019 WL 1168538 (N.D. Cal. Mar. 13, 2019). Nor does the fact that Cervantes raises questions of "Defendant's rights and Plaintiff's duties under federal law" in his removal papers. ECF No. 1 at 2; *see Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) ("An action filed in state court may be removed only if the district court could have exercised jurisdiction over the action if originally filed there.").

Additionally, although defendant makes no assertion that diversity creates jurisdiction here, to the extent such an argument is implied, diversity is also lacking. As explained, diversity jurisdiction requires both diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. The court need not reach the question of citizenship because the complaint fails to satisfy the $75,000 amount-in-controversy threshold, and Cervantes does not show otherwise. *See Matheson*, 319 F.3d at 1090. The complaint characterizes this action as a "limited civil case" demanding less than $10,000 in recovery. ECF No. 1 at 6. Cervantes's answer does not dispute the value of the recovery sought, nor do his removal papers. *Id.* at 1–3, 9.

Because federal question and diversity jurisdiction do not exist, the court must remand the case to the Sacramento County Superior Court from which it came.

III. <u>CONCLUSION</u>

For the foregoing reasons, the court REMANDS this case to Sacramento County Superior Court. The motion to proceed in forma pauperis, ECF No. 3, is DENIED as moot.

IT IS SO ORDERED.

DATED: August 6, 2019.

_____
UNITED STATES DISTRICT JUDGE

3